UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE BLACK.,

    Plaintiff,

v.                                                                            Case No. 12-11130

LAW OFFICES OF SUSAN ADDISON
BLUSH, P.C.,

    Defendant.
                                     /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Before the court is Plaintiff's motion for costs and attorney fees, which is opposed by Defendant Law Offices of Susan Addison Blush, P.C. After reviewing the briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion in part and deny it in part.

## I. BACKGROUND

Plaintiff initiated this action on March 14, 2012, asserting a federal claim under the Fair Debt Collection Practices Act ("FDCPA") and two related state law claims. Rather than filing an answer, Defendant served on Plaintiff an "Offer of Judgment" for $1151 plus reasonable attorney fees and costs. Defendant timely accepted the offer, and judgment was entered accordingly.

Thereafter, Plaintiff filed this motion, seeking attorney fees and costs totaling $3553. This amount comprises $390 in costs, 6.9 hours of attorney work at $300 an hour, 1.5 hours of attorney work at $290 an hour, and 4.7 hours of paralegal work at

$140 an hour. Defendant does not dispute its liability for fees of some amount, but argues this amount is excessive, given the simplicity of the case and the relative speed of its conclusion.

## II. STANDARD

Under the general American rule, unless Congress provides otherwise, parties to litigation are to bear their own attorney fees. *Fogerty v. Fantasy*, *Inc.*, 510 U.S. 517, 533 (1994) ("Unlike Britain where counsel fees are regularly awarded to the prevailing party, it is the general rule in this country that unless Congress provides otherwise, parties are to bear their own attorney fees"). However, where, as here, reasonable attorney fees are appropriate either by statute or by agreement, the relevant task is to determine what measure of fee is reasonable under the particular facts of the case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The "lodestar" approach is the proper method for determining the amount of reasonable attorney's fees. *Id.* at 432; *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Hensley*, 461 U.S. at 432). A court determines the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. *Hensley*, 461 U.S. at 433-34. That amount can then be adjusted based upon the twelve factors bearing on reasonableness. *Id.* at 430 n.3. However, a district court, after considering the amount and nature of the damages awarded, "may award low fees or no fees without reciting the 12 factors bearing on

reasonableness" or calculating the lodestar figure.[1] *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).

### III.  DISCUSSION

There is no dispute that Plaintiff is entitled to some amount of attorney fees and costs in accordance with the terms of the "Offer of Judgment."  Rather, the parties dispute what amount is "reasonable."  Defendant argues that the total award, inclusive of costs and fees, should not exceed $1000.  While the relatively modest amount of $3553 may seem facially reasonable for a federal litigation, the court is persuaded by Defendant's argument that the requested amount is excessive.   Counsel filed a complaint that, with the exception eight paragraphs setting forth facts, was entirely boilerplate, describing a very simple matter.  Defendant quickly offered the full amount sought in the complaint.  Awarding attorney fees and costs in an amount three times to that recovered by the Plaintiff would constitute a windfall for Plaintiff under the particular circumstances of this case.

Under the lodestar method, a reasonable hourly billing rate is generally calculated according to the prevailing market rates in the relevant community.  *Blum v. Stenson,* 465 U.S. 886, 897 (1984).  "The party seeking attorney fees bears the burden

---

[1] Once the lodestar is calculated, the fee may be adjusted in consideration of the following twelve factors: (1) time and labor, (2) difficultly of the case, (3) skill necessary, (4) the extent the attorney is precluded from working on other matters, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations, (8) the amount involved and the results obtained, (9) the attorney's experience, reputation, and ability, (10) the undesirability of the case, (11) the nature and length of the attorney-client and (12) awards in similar cases.  *Hensley,* 461 U.S. at 430 n.3.

of proof on the number of hours expended and rates claimed." *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999).

Plaintiff presents no evidence, other than self-serving and vague affidavits, to support the hourly rates of his attorneys or paralegal. While these professionals each aver that their rates are "normal, if not average" for Oakland County, the court is not persuaded that these rates are appropriate for a case such as this. Thus, the court will reduce all attorney hours expended to a flat rate of $200, and will reduce the paralegal rate to half of the attorney rate. The Sixth Circuit has held that a $200 hourly rate is reasonable for legal work in several types of litigation. *See, e.g., Auto Alliance Int'l v. U.S. Customs Serv.*, 155 Fed. Appx. 226, 228 (6th Cir. 2005) (finding that "[t]he district court's $200 flat rate is well within the market rate for the Eastern District of Michigan" in a Freedom of Information Act case); *Lamar Advertising Co. v. Charter Tp. of Van Buren*, Nos. 04-2500 & 04-2521, 2006 WL 1133309, at *3 (6th Cir. Apr. 26, 2006) (approving $200 hourly rate in a 42 U.S.C. § 1983 case involving Detroit area counsel).[2] Though this court has periodically awarded a higher rate, particularly when supported with more persuasive argument and evidence, the court finds that in this extremely straightforward case a $200 hourly rate is supported by and consistent with Sixth Circuit precedent.

---

[2]Although unpublished decisions in the Sixth Circuit are not binding precedent, s*ee Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir 1996) (Unpublished opinions "carry no precedential weight [and] . . . have no binding effect on anyone other than the parties to the action."), their reasoning may be "instructive" or helpful. *See Boyd v. Yukins,* 99 Fed. Appx. 699, 703 (6th Cir. 2004) ("Our unpublished case of *Mix v. Robinson,* 64 Fed. Appx. 952, 957-58 (6th Cir. 2003), is instructive."); *Combs v. Int'l Ins. Co.*,354 F.3d 568, 593 (6th Cir. 2004) ("Although *Willits [v. Peabody Coal Co.,* 188 F.3d 510, 1999 WL 701916 (6th Cir. Sept. 1, 1999)] is an unpublished opinion, its reasoning is instructive.").

Next, a complete "lodestar" calculation requires that the hours billed be reasonable. *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan*, 46 F.3d at 1400. Here, counsel's efforts consisted of preparing and filing a five-page complaint, four of which are not case-specific, and reviewing and accepting an immediate "Offer of Judgment." A quick search of the court's CM/ECF system reveals that Plaintiff's counsel has filed nearly 300 complaints under the FDCPA. The court reviewed four complaints in these cases filed around the time of this case: *Tammy Sanford et al. V. Portfolio Recovery Associates*, 12-11526; *Yolanda Riggs v. I.C. System Inc.*, 12-11612; *Julie Heppner v. IPC of Nevada, Inc.*, 12-12081; and *Julie Heppner v. Great Lakes Higher Education Corporation*, 12-12602. All five complaints are nearly identical, with only minimal changes to accommodate the facts of the specific case. The court estimates that consultation with the client and physical preparation of a complaint such as this would take less than thirty minutes by competent counsel or, even more efficiently, by a paralegal. Instead, counsel seeks 2.3 hours of fees, at a rate of $300, with the explanation "review timeline and file, drafted complaint, updates to systems." Similarly, the accounting of fees and costs is rife with excessive amounts of time devoted to the review of emails, the Offer of Judgment, and the e-filings from the court. Having reviewed the entries and the court's docket of filings, the court is persuaded that four hours of attorney time and two hours of paralegal time is more than sufficient to prosecute this case from beginning to conclusion, including the pre-filing interview, preparation of the complaint and motion for attorney fees, all correspondence, and all "reviews." The court will thus award four hours at $200 per hour and two hours at $100 per hour, amounting to reasonable attorney fees of $1000.

No specific challenge is made for the request for costs, other than arguing generally that $1000 be awarded inclusive of fees and costs. The court has reviewed the cost request and finds it to be supportable. Counsel seeks the $350 filing fee and $40 for the certified mail associated with service of process. Plaintiff is entitled to this full amount.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff's motion for attorney fees [Dkt # 10] is GRANTED IN PART and DENIED IN PART, as specified further in the body of this opinion.

IT IS FURTHER ORDERED that Plaintiff is AWARDED attorney fees and costs in the amount of $1390. A judgment for attorney fees and costs will issue.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 17, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 17, 2013, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522